NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MOISES RUBIO, DOC #H47218,      )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D15-5603
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____  )

Opinion filed October 27, 2017.

Appeal from the Circuit Court for Polk
County; Wayne Durden and Jalal Harb,
Judges.

Howard L. Dimmig, II, Public Defender,
and Caroline Joan S. Picart, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Laurie Benoit-Knox,
Assistant Attorney General, Tampa,
for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

         In 2013, Moises Rubio began communicating online with a person whom

he believed to be a fourteen-year-old girl.  When he ultimately appeared at her doorstep

to have sex with her, however, he discovered that she was actually a Polk County

Sheriff's deputy.  A jury convicted Rubio of traveling to meet a minor, in violation of section 847.0135, Florida Statutes (2012) (Count 2); using a two-way communications device to facilitate or further the commission of a felony, in violation of section 934.215, Florida Statutes (2012) (Count 3); and attempting to engage in sexual activity with a child twelve years of age or older but less than sixteen years of age, in violation of sections 800.04(4) and 777.04(1), Florida Statutes (2012) (Count 4).[1]

On appeal, Rubio argues that the trial court erred in denying his motions to dismiss all counts based on entrapment and in denying his motion to dismiss Count 4 based on legal impossibility.  He also argues for the first time that the prohibition against double jeopardy precluded his adjudication and sentencing on both Counts 2 and 3. We affirm without comment the court's denial of Rubio's motions to dismiss.[2]

We remand, however, for vacatur of the conviction and sentence on Count 3 on double jeopardy grounds.  Although Rubio did not argue in the trial court that the charge of unlawfully using a two-way communications device should have been subsumed within the charge of traveling to meet a minor, a double jeopardy violation constitutes a fundamental error that we may address for the first time on appeal.  See Mizner v. State, 154 So. 3d 391, 399 (Fla. 2d DCA 2014).  And, because the amended information charged Rubio with committing both of those offenses within the same time period, i.e., "on or between June 9, 2013[,] and June 11, 2013," our precedent dictates

---

[1]Count 1 was dismissed.

[2]The Table of Contents in Rubio's initial brief identifies an argument concerning the trial court's denial of his motion for a judgment of acquittal, but Rubio does not actually make such an argument in the body of his brief (although the State responds as if he does).  In any event, we also affirm without comment the court's denial of that motion.

that we find such a violation in this case.  See id. at 400 (holding that when State charges defendant with both unlawfully using two-way communications device and traveling during same time period, State charges single criminal episode regardless of whether evidence could support finding of separate criminal episodes, and double jeopardy considerations require that communications charge be subsumed within traveling charge).  But see Lee v. State, 223 So. 3d 342, 353 (Fla. 1st DCA 2017) (holding that examination of separate criminal episodes for double jeopardy purposes should encompass entire evidentiary record rather than just charging document and verdict form).

Accordingly, we reverse Rubio's conviction and sentence for unlawfully using a two-way communications device as charged in Count 3 and remand for vacatur on that count.  In all other respects, the judgment is affirmed.

Affirmed in part; reversed in part; remanded with instructions.

WALLACE and MORRIS, JJ., Concur.